```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDERICK FABRICIO,                                               :

                Petitioner,                                     :   06 Civ. 2049 (WHP) (GWG)

        -v.-                                                    :   REPORT AND
                                                                    RECOMMENDATION
DALE ARTUS, et al.,                                             :

                Respondents.                                    :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Ederick Fabricio, currently an inmate at Southport Correctional Facility in Pine City, New York, brought this petition for a writ of habeas corpus pro se pursuant to 28 U.S.C. § 2254. On February 20, 1997, a jury found Fabricio guilty of Second Degree Murder under New York Penal Law § 125.25(3), First Degree Robbery under New York Penal Law § 160.15(1), and Second Degree Robbery under New York Penal Law § 160.10(1). Fabricio was sentenced to consecutive terms of 12½ to 25 years and 25 years to life.

I. BACKGROUND

     A. Trial

The evidence presented at the trial is not directly relevant to this petition and thus is summarized only briefly.

Fabricio came to New York from Miami by airplane to participate in a robbery with his friend Pedro Aviles. See Memorandum of Law in Support of Answer Opposing Petition for a Writ of Habeas Corpus, filed Aug. 11, 2006 (Docket #6) ("Resp. Mem."), at 1. That night, Fabricio, Pedro Aviles, Yanis-Marien Aviles, and Evelyn Reyes robbed the victim. Id. at 2. Reyes shot the victim in the back, killing him. See Answer, filed Aug. 10, 2006 (Docket #5),

¶ 4.  The next day, Fabricio departed for Miami by Greyhound bus, taking with him his share of the robbery's proceeds, $45,000.  See Resp. Mem. at 2.  Meanwhile, the three others were arrested and the police learned Fabricio was on the Miami-bound bus.  See Answer ¶ 5.  Upon arrival in Miami, Fabricio was arrested.  Id.

  B.  Direct State Court Appeals

Fabricio appealed his conviction to the Appellate Division, First Department.  See Brief for Defendant-Appellant (reproduced as Ex. B to Appendix in Support of Answer Opposing Petition for a Writ of Habeas Corpus, filed Aug. 10, 2006 (Docket #5) ("Resp. App.")).  The briefs provided to this Court show that he raised the following two issues on direct appeal: that the Court held a sidebar conference outside of Fabricio's presence violating his right to be present at all material stages of trial, see id. at 23-26, and that the jury's verdict was against the weight of the evidence.  See id. at 26.  Fabricio apparently also raised various other issues, including the admissibility of his confession, excessive sentence, and ineffective assistance of counsel, see Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed Mar. 16, 2006 (Docket #1) (the "Petition"), at 2, although these issues are not mentioned in the excerpts of the briefs provided to this Court.

In addition, Fabricio filed a pro se brief on appeal in which he argued that the prosecution's introduction of the hearsay statements of his co-conspirators violated his Sixth Amendment confrontation rights and were otherwise improperly admitted.  See Pro Se Supplemental Brief on Behalf of Defendant-Appellant (reproduced as Ex. C to Resp. App.), at 9-19.

On August 28, 2003, the Appellate Division, First Department affirmed his conviction. See People v. Fabricio, 307 A.D.2d 882 (1st Dep't 2003). The court rejected Fabricio's arguments about his absence at the sidebar, stating as follows: "The record is insufficient to establish defendant's inability to hear and participate in the sidebar. In any event, the conference concerned a pure issue of law as to whether the prosecutor had a good faith basis for questioning defendant about a prior inconsistent statement." Id. at 883 (internal citations omitted). The court also rejected Fabricio's claims regarding the weight of the evidence, the admissibility of his confession, the length of this sentence, and effectiveness of counsel. Id. at 882-83. Finally, the court stated that Fabricio's "remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice." Id. at 883. It added that "[w]ere we to review these claims, we would reject them." Id.

By letter dated October 3, 2003, Fabricio, through counsel, sought leave to appeal the Appellate Division's decision to the New York Court of Appeals. See Letter to Hon. Ernst H. Rosenberger from Daniel A. Warshawsky (reproduced as Ex. F to Resp. App.) ("Warshawsky Letter"). Fabricio raised two grounds for review: his absence from the sidebar, id. at 2-3, and the claim that his right to a fair trial was violated when his translated confession was admitted. Id. at 3. On January 13, 2004, Justice Rosenberger granted Fabricio leave to appeal to the Court of Appeals. See Certificate Granting Leave to Appeal to the Court of Appeals (reproduced as Ex. F to Resp. App.) ("Leave Certificate").

At the Court of Appeals, Fabricio raised only the claim that he had the right to be present at the sidebar. See Brief and Appendix for Defendant-Appellant, filed May 28, 2004 (reproduced as Ex. G to Resp. App.), at 10-20. On December 2, 2004, the Court of Appeals

3

affirmed his conviction.  See People v. Fabricio, 3 N.Y.3d 402 (2004).  The court held that "the sidebar conference focused on a pure question of law — whether defendant's testimony 'opened the door' to the use of his prior inconsistent statement and whether the People had a good faith basis to inquire about it."  Id. at 406.  Therefore, Fabricio "did not have a right to be present, as the subject legal discussion did not implicate his peculiar factual knowledge or otherwise present the potential for his meaningful participation."  Id.  As a result, the Court of Appeals ruled that the trial court "correctly did not consider the application to be in the realm of Sandoval or Ventimiglia requiring a balancing of prejudice and probative value."  Id. (referring to People v. Ventimiglia, 52 N.Y.2d 350 (1981), and People v. Sandoval, 34 N.Y.2d 371 (1974)).

The Court of Appeals also found Fabricio's claim based on his absence at the sidebar to be unpreserved: "[D]efense counsel objected only on the ground that he had no notice or knowledge of defendant's statement. . . . [A]ny claim based on defendant's absence from the conference is unpreserved for this Court's review."  Id.

C. The Present Petition

The instant petition for habeas corpus is dated February 21, 2006; was received by the Pro Se Office on February 27, 2006; and was docketed on March 16, 2006.  In the petition, Fabricio seeks a writ of habeas corpus based on two grounds.

Ground One is "Petitioner Was Deprived Of His Right To Confront Witnesses Against Him When The Prosecution Introduced Statements Of Two Non-Testifying Co-Defendants At Petitioner's State Trial."  Petition, App. at 1.  In this ground, Fabricio argues that the introduction of hearsay statements of Yanis-Marien Aviles and Reyes violated the Confrontation Clause.  Id.

Ground Two is "Petitioner Was Deprived Of His Constitutional Right To Be Personally Present At All Material Stages Of Trial When A Hearing Was Held Outside Of His Presence To Determine The Admissibility Of Alleged Prior Bad Acts As Direct Evidence of Guilt." Id. In this ground, Fabricio raises essentially the same claim that was raised before the Court of Appeals. Id. at 1-2.

In response, the respondents argue that Fabricio failed to exhaust his first ground and that in any event any error was harmless. Resp. Mem. at 34-43. As to the second ground, they argue that it is procedurally barred because of the lack of a contemporaneous objection; that the factual record does not establish that Fabricio was actually absent; and that the exclusion was proper on the merits. Id. at 44-57.

II. DISCUSSION

    A.  Confrontation Clause Claim

        1.  Factual Background

Fabricio's first ground for relief stems from two out-of-court statements that were introduced as statements against penal interest during Fabricio's trial. See Petition, App. at 1. During the state's case, the prosecutor announced that Yanis-Marien Aviles and Reyes would not testify at Fabricio's trial because both would have asserted their privilege against self-incrimination. See Resp. Mem. at 31 (citing Tr. 398-400). Instead, the prosecutor planned to introduce their statements to the police, both of which described the robbery and shooting, as statements against their penal interest. Id. (citing Tr. 398). The statements were admitted. (Garcia: Tr. 714-15, 717-18).

2. Exhaustion and Procedural Bar

Habeas corpus relief under 28 U.S.C. § 2254 is available to a petitioner in state custody in violation of the Constitution or a federal law or treaty. See 28 U.S.C. § 2254(a). "Before a federal court may grant habeas relief to a state prisoner," however, "the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see 28 U.S.C. § 2254(b)(1)(A).

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan, 526 U.S. at 845; accord Smith v. Duncan, 411 F.3d 340, 347 (2d Cir. 2005).

Fabricio did not properly present this claim to the state courts. To exhaust a claim under 28 U.S.C. § 2254(b), the petitioner is required to have presented the same claim he presents in his habeas petition to the highest state court available to review it. See, e.g., Rosa v. McCray, 396 F.3d 210, 217 (2d Cir.), cert. denied, 126 S.Ct. 215 (2005). Fabricio's letter to Justice Rosenberger of the Appellate Division, requesting leave to appeal outlined in detail his claims regarding the sidebar and the admission of his translated confession. See Warshawsky Letter at 2-3. It made no mention of the Confrontation Clause claim. While his letter enclosed copies of the parties' briefs to the First Department, he did not ask that leave be granted on any of the other issues raised in those briefs. Instead, he merely stated that "[i]n support of this application, Mr. Fabricio also relies on the briefs he submitted to the Appellate Division." See id. at 3.

Case law makes clear that where a defendant seeking leave to appeal addresses a specific issue or issues in his leave letter, the mere enclosure of the Appellate Division briefs is

insufficient to constitute exhaustion of any additional issues. In Jordan v. Lefevre, 206 F.3d 196 (2d Cir. 2000), the petitioner's application for leave to appeal to the New York Court of Appeals discussed only one claim and concluded by asking for relief for "for all of these reasons and the reasons set forth in his Appellate Division briefs." Id. at 198. As was true here, the petitioner in Jordan attached his Appellate Division brief, which included a discussion of multiple claims. Jordan held that the submission of the brief and its mention in the leave letter were insufficient to alert the Court of Appeals that leave was being sought with respect to claims other than the sole claim mentioned in the letter. Id. at 198-99. That court noted that "[p]etitioner's counsel has the obligation to set out . . . arguments [for which review is sought]. Counsel may not transfer to the state courts the duty to comb through an applicant's appellate brief to seek and find arguments not expressly pointed out in the application for leave." Id. at 199. Similarly, Fabricio's passing reference to the Appellate Division briefs "[did] not fairly apprise the state court of [his] remaining claims." Id. at 198; accord Lopez v. Fischer, 2006 WL 2996548, at *5-6 (S.D.N.Y. Oct. 16, 2006) (finding claims to be unexhausted where the only presentation to the Court of Appeals was at the end of the letter seeking leave to appeal, which stated that the petitioner "relies on the briefs he submitted to the Appellate Division, copies of which are enclosed.").

Fabricio's out-of-court statement claim is thus unexhausted. Nor is there any reason to consider whether to stay this petition to allow its exhaustion. Putting aside the question of whether Fabricio could show cause for his failure to present this claim earlier, see Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005), he would be procedurally barred from exhausting it now. Because New York law permits "only one request for review of a conviction," the Second Circuit has repeatedly held that a habeas petitioner is procedurally barred from raising a claim in

7

a habeas proceeding where the petitioner failed to raise the claim in a leave application to the Court of Appeals. See, e.g., St. Helen v. Senkowski, 374 F.3d 181, 183-84 (2d Cir. 2004), cert. denied, 543 U.S. 1058 (2005); Jones v. Keane, 329 F.3d 290, 296 (2d Cir.), cert. denied, 540 U.S. 1046 (2003). In support of this holding, these cases cite to former N.Y. Court Rule § 500.10(a), which explicitly limited criminal defendants to one leave application. While this rule was repealed as of September 1, 2005, and its recodification, see N.Y. Court Rule § 500.20, does not explicitly refer to the one-leave-application limitation, the limitation may be derived from an interpretation of the statute allowing for leave applications, see N.Y. Crim. Proc. Law § 460.20, and thus does not depend on the court rule. See People v. Nelson, 55 N.Y.2d 743 (1981) (holding that where criminal defendant made leave applications both to the Court of Appeals and later to a justice of the Appellate Division, the latter application could not be considered) (citing N.Y. Crim. Proc. Law § 460.20).[1]

Fabricio is now foreclosed from bringing this claim in the state courts as a collateral attack on his conviction because the claim was already raised in the Appellate Division on his direct appeal. See N.Y. Crim. Proc. Law § 440.10(2)(a), (c). Thus, this claim is procedurally defaulted. See, e.g., Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006) ("[Petitioner's] claim

---

[1] In any event, a new leave application would be separately barred by N.Y. Crim. Proc. Law § 460.10(5)(a), which sets a 30-day deadline for such applications. While a court has the power to grant an extension, for limited reasons not raised here, if the application is made within one year of the deadline, see N.Y. Crim. Proc. Law § 460.30(1), the Appellate Division's final decision in Fabricio's case was rendered on August 28, 2003, and his petition was not filed until February 2006. Any new application for leave to appeal would thus be untimely. The decision in Pesina v. Johnson, 913 F.2d 53 (2d Cir. 1990), which refused to determine whether the New York State courts would find an application for leave to appeal to the Appellate Division time-barred, does not require a different result because it was construing a different subsection of N.Y. Crim. Proc. Law § 460.10.

is now exhausted because state remedies are no longer available. [Petitioner] has already taken his one direct appeal, and this claim is procedurally barred from consideration in a collateral attack on his conviction. . . . [Therefore, petitioner] has procedurally defaulted his . . . claim.") (internal citations omitted), cert. denied, 2007 WL 36855 (Jan. 08, 2007).

Even if Fabricio could succeed on the argument that his letter to Justice Rosenberger properly raised the out-of-court statements claim, its consideration in the instant habeas petition would still be barred. This is because Justice Rosenberger's grant of leave to appeal did not limit Fabricio's appeal to any one particular claim. Instead it stated broadly that there are "questions of law" that should be reviewed by the Court of Appeals. See Leave Certificate. Thus, even if Fabricio's leave application could be construed as raising the out-of-court statements issue, Fabricio would have been obligated to raise that claim in his brief before the Court of Appeals. See generally N.Y. Court Rules §§ 500.12, 500.16(b) (requiring the timely filing of briefs). In fact, Fabricio raised only the sidebar claim. See Ex. G to Resp. App., at 10-20.

When a petitioner fails to present his claims to each level of the state courts to which he is entitled to seek relief, but is thereupon foreclosed from doing so by a state procedural rule, the petitioner's claims are "deemed" exhausted for purposes of federal habeas review inasmuch as no further relief is available in the state courts. See, e.g., Coleman v. Thompson, 501 U.S. 722, 731-32, 735 n.1 (1991); Galdamez v. Keane, 394 F.3d 68, 73-74 (2d Cir.), cert. denied, 544 U.S. 1025 (2005); Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). "However, the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim . . . ." Gray v. Netherland, 518 U.S. 152, 162 (1996). The petitioner cannot obtain federal

9

habeas review of the merits of the claim "unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989) (citations and internal quotation marks omitted); accord Murray v. Carrier, 477 U.S. 478, 497-98 (1986); Wainwright v. Sykes, 433 U.S. 72, 84 (1977); Jimenez, 458 F.3d at 136 n.3; Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005). The "fundamental miscarriage of justice exception" requires a showing of "actual innocence." See, e.g., Herrera v. Collins, 506 U.S. 390, 404 (1993); Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002). Fabricio's petition – the only filing he has made with this Court – makes no showing of cause for his default or "actual innocence." This ground of his petition is, therefore, barred from federal habeas review.

    B. The Right to be Present Claim

        1. Factual Background

Fabricio's second ground for relief arose when Fabricio testified as to how he paid for his plane ticket from Miami to New York. See Petition, App. at 1-2. On direct examination, Fabricio testified that Pedro Aviles paid for the ticket to New York. (Fabricio: Tr. 875). On cross-examination, Fabricio again testified that Pedro Aviles had paid for the ticket. (Fabricio: Tr. 945). Thereupon, the prosecutor requested a sidebar (Tr. 946), and the following discussion took place:

> [Prosecutor]: I'd ask for a ruling on a Sandoval Ventimiglia situation. The defendant told Pedro [Aviles] and the cab driver on the trip from Kennedy to Yonkers that he got the money for the ticket by doing a robbery. And that is how he got up here.
> [Defense counsel]: That the defendant got the money--
> [Prosecutor]: The defendant did. And I want to inquire about that.
> [Defense counsel]: Obviously, I would object to first of all, I['ve] never seen the statement or heard about the statement at all. The statement

> allegedly made by the defendant as to where all the evidence has been, the
> defendant came up to New York and got the money.  Got the ticket
> because Pedro had bought a pre-purchased ticket for him.
> [Prosecutor]: He never told any law enforcement that[. T]his is through
> the cab driver.
> [Defense counsel]: I am going to object to it.
> [The Court]: He has a good faith basis for asking.  I don't know if it is a
> Sandoval Ventimiglia.
> [Prosecutor]: It may not be.

(Tr. 946-47).  The trial judge dismissed the jury and the sidebar apparently continued, although it was not transcribed.  (Tr. 948).  When the jury returned, the prosecutor asked Fabricio if he got the money that he took to New York in a robbery (Tr. 949) and Fabricio responded that he had not.  (Tr. 950).  Next, the prosecutor asked if, in the taxi from the airport, Fabricio had told the taxi driver and Pedro Aviles that he had committed a robbery to pay for the ticket.  Id.  Again, Fabricio said that he had not.  Id.  During summation, the prosecutor did not mention the robbery.  Instead, he repeated Fabricio's testimony that Pedro Aviles had payed for the ticket. (People: Tr. 1190).

Fabricio now argues that his absence at this sidebar violated "his constitutional right to be personally present at all material stages of trial."  Petition, App. at 1.  While the respondents argue that this claim is procedurally barred, see Resp. Mem. at 48-49, it is unnecessary to reach this question since it may be denied on the merits.  See, e.g., Greiner v. Wells, 417 F.3d 305, 317 n.14 (2d Cir. 2005), cert. denied, 126 S.Ct. 1363 (2006).

### 2. Law Governing Petitions for Habeas Corpus

Under 28 U.S.C. § 2254, a petition for a writ of habeas corpus may not be granted with respect to any claim that has been "adjudicated on the merits" in the state courts unless the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For a claim to be adjudicated "on the merits" within the meaning of 28 U.S.C. § 2254(d), it must "finally resolv[e] the parties' claims, with res judicata effect," and it must be "based on the substance of the claim advanced, rather than on a procedural, or other, ground." Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001). As long as "there is nothing in its decision to indicate that the claims were decided on anything but substantive grounds," a state court decision will be considered to be "adjudicated on the merits" even if it fails to mention the federal claim and no relevant federal case law is cited. See Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001); accord Rosa, 396 F.3d at 220 ("This standard of review applies whenever the state court has adjudicated the federal claim on the merits, regardless of whether the court has alluded to federal law in its decision.").

In Williams v. Taylor, the Supreme Court held that a state court decision is "contrary to" clearly established federal law only "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a" different result. 529 U.S. 362, 405-06 (2000). Williams also held that habeas relief is available under the "unreasonable application" clause only "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. A federal court may not grant relief "simply because that court concludes in its independent judgment that the relevant state-court

12

decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, the state court's application must have been "objectively unreasonable." Id. at 409.

In addition, under 28 U.S.C. § 2254(a), federal habeas review is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Errors of state law are not subject to federal habeas review. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). To be entitled to habeas relief a petitioner must demonstrate that the conviction resulted from a state court decision that violated federal law. See, e.g., id. at 68.

### 3. Analysis

Every criminal defendant has a "fundamental right[]" to be present at all "critical stages" of his or her trial. Rushen v. Spain, 464 U.S. 114, 117 (1983). The length of the absence and specific nature of the proceedings are factors to consider in determining whether the stage was "critical." See Sutherland v. Walker, 1999 WL 1140870, at *12 (S.D.N.Y. Dec. 10, 1999); United States v. Alfano, 664 F. Supp. 160, 161-62 (S.D.N.Y. 1987). This right is rooted in the Confrontation Clause of the Sixth Amendment and due process guarantees. United States v. Canady, 126 F.3d 352, 360 (2d Cir. 1997), cert. denied, 522 U.S. 1134 (1998). However, the right is not absolute but rather is implicated only where the defendant's presence "has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." Snyder v. Massachusetts, 291 U.S. 97, 105-06 (1934); accord Clark v. Stinson, 214 F.3d 315, 322-23 (2d Cir. 2000), cert. denied, 531 U.S. 1116 (2001). It applies where fairness and justice "would be thwarted by [the defendant's] absence, and to that extent only." Stinson, 214 F.3d at 323 (quoting Snyder, 291 U.S. at 107-08); see also Faretta v. California, 422 U.S. 806, 819 n.15

13

(1975) (defendant has the right to be "present at all stages of the trial where [the defendant's] absence might frustrate the fairness of the proceedings"). Accordingly, there is no constitutional right to be present "when presence would be useless, or the benefit but a shadow." Snyder, 291 U.S. at 106-07. In addition, this right is circumscribed by harmless error analysis. Rushen, 464 U.S. at 117 n.2, 119-20.

Here, the prosecutor initially characterized his request for a sidebar as a request "for a ruling on a Sandoval Ventimiglia situation." (Tr. 946). Under New York law, if the sidebar could be characterized as a Sandoval or Ventimiglia hearing – that is, hearings regarding the admissibility of evidence of prior bad acts or convictions – Fabricio would have had a right to be present. See People v. Dokes, 79 N.Y.2d 656, 662 (1992); People v. Spotford, 85 N.Y.2d 593, 597 (1995). But this particular right under New York law is not a federal constitutional right. See Curry v. Burge, 2004 WL 2601681, at *12 (S.D.N.Y. Nov. 17, 2004). Indeed, one case has stated categorically that "the Federal Constitution does not require a defendant's presence at sidebar conferences." Gaiter v. Lord, 917 F. Supp. 145, 152 (E.D.N.Y. 1996) (citing cases); see also United States v. McCoy, 8 F.3d 495, 497 (7th Cir. 1993) (defendant's "absence from [nine sidebar] conferences did not detract from his defense or in any other way affect the fundamental fairness of his trial").

Thus, courts have routinely rejected habeas claims in which the defendant was not present at a sidebar conference where, as here, legal issues were considered. See, e.g., Edwards v. Fischer, 414 F. Supp. 2d 353, 363 (S.D.N.Y. 2006) (discussion of jury charge), adopted by 414 F. Supp. 2d 342 (S.D.N.Y. 2006); Skinner v. Artus, 2006 WL 452019, at *3-4 (S.D.N.Y. Feb. 23, 2006) (discussion of whether the prosecutor could conduct cross-examination regarding

the defendant's confession); Mejias v. Allard, 2006 WL 119033, at *18 (E.D.N.Y. Jan.13, 2006) (scope of cross-examination and admissibility of evidence); Key v. Artuz, 2002 WL 31102627, at *7 (E.D.N.Y. Sept. 16, 2002) (admissibility of a videotaped confession); Rodriguez v. Walker, 1999 WL 61834, at *4 (S.D.N.Y. Feb. 9, 1999) (admissibility of a seized handgun, testimony about a common scheme or plan, and whether counsel would "open the door" to certain testimony); Williams v. McCoy, 7 F. Supp. 2d 214, 220 (E.D.N.Y. June 3, 1998) (conference to determine if the defendant would be subject to impeachment by prior bad acts).  In a related situation, courts have held that there is no constitutional right to be present at sidebars during jury voir dire.  See, e.g., Clark v. Poole, 440 F. Supp. 2d 235, 246-48 (W.D.N.Y. 2006) (citing cases); McKnight v. Superintendent Albauch, 2000 WL 1072351, at *6 (S.D.N.Y. Aug. 2, 2000); James v. Senkowski, 1998 WL 217903, at *8 (S.D.N.Y. Apr. 28, 1998); Zaire v. Mitchell, 1996 WL 82391, at *3 (S.D.N.Y. Feb. 27, 1996).

At Fabricio's sidebar, the issue discussed concerned only the legal matter of whether Fabricio's testimony had opened the door to the prosecutor's inquiry regarding the purported inconsistent statement.  It cannot be said that the fairness of the proceedings was thwarted by Fabricio's absence during this sidebar – let alone that the decision to permit his absence constituted an unreasonable application of clearly established federal law.  There is no reason to conclude that Fabricio's presence could have contributed to the sidebar or would have made any difference at all in his defense of the charges against him.  As the Court of Appeals noted, the "legal discussion did not implicate [Fabricio's] peculiar factual knowledge or otherwise present the potential for his meaningful participation." 3 N.Y.3d at 406.  Therefore, Fabricio's claim must fail.

Conclusion

For the foregoing reasons, Fabricio's petition should be denied.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. William H. Pauley, III, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Pauley. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated:  January 11, 2007
         New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Ederick Fabricio
97-A-2265
Southport Correctional Facility
P.O. Box 2000, Institution Road
Pine City, New York 14871

Eric Rosen
Assistant District Attorney
One Hogan Place
New York, NY  10013

Hon. William H. Pauley, III
United States District Judge

Conclusion

For the foregoing reasons, Fabricio's petition should be denied.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. William H. Pauley, III, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Pauley. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: January 11, 2007
   New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Ederick Fabricio
97-A-2265
Southport Correctional Facility
P.O. Box 2000, Institution Road
Pine City, New York 14871

Eric Rosen
Assistant District Attorney
One Hogan Place
New York, NY  10013

Hon. William H. Pauley, III
United States District Judge

16