USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
EDERICK FABRICIO,                :
             Petitioner,   :   06 Civ. 2049 (WHP) (GWG)
    -against-              :
                              :   MEMORANDUM & ORDER
DALE ARTUS, Superintendent of    :
Clinton Correctional Facility, et al., :
            Respondents.   :
------------------------------X

WILLIAM H. PAULEY III, District Judge

        Petitioner Ederick Fabricio brings this pro se petition pursuant to 28 U.S.C. § 2254 ("the Petition"), challenging his conviction on March 17, 1997, in New York Supreme Court, New York County. On January 11, 2007, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation (the "Report") recommending that this Court deny the Petition. Petitioner filed objections to the Report. For the following reasons, this Court adopts the well-reasoned Report and denies Petitioner's objections.

## BACKGROUND

        Petitioner traveled from Miami to New York to commit a robbery with his friend Pedro Aviles. (Report at 1.) In the course of the robbery, the victim was shot and killed. (Report at 1-2.) The next day Petitioner was arrested in Miami with $45,000—his share of the robbery proceeds. (Report at 2.) A jury convicted Petitioner of second degree murder, first

1

degree robbery, and second degree robbery. He was sentenced to consecutive terms of twelve and a half to twenty five years and twenty five years to life. (Report at 1.) Following his conviction, Petitioner raised two issues on appeal: (1) that a sidebar conference was held outside of his presence and (2) that the jury's verdict was against the weight of the evidence. (Report at 2.) He further submitted a pro se brief arguing that the introduction of the statements of his co-conspirators violated his Sixth Amendment confrontation rights. (Report at 2.)

On August 28, 2003, the Appellate Division, First Department, affirmed the conviction. People v. Fabricio, 307 A.D. 2d. 882 (N.Y. App. Div. 1st Dep't 2003). On January 13, 2004, Petitioner was granted leave to appeal to the Court of Appeals on two grounds: (1) his absence from sidebar and (2) the claim that his right to a fair trial was violated by the admission of his translated confession. (Report at 3.) In his brief to the Court of Appeals Petitioner only raised the claim that he had the right to be present at sidebar. (Report at 3-4.) On December 2, 2004, the New York Court of Appeals affirmed the conviction. People v. Fabricio, 3 N.Y.3d 402 (2004).

## DISCUSSION

### I. Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made, and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In addition, when a party makes only generalized or conclusory objections, or

2

simply reiterates his original arguments, the Court reviews a magistrate judge's report and recommendation for clear error. Barratt v. Joie, No. 96 Civ. 0324 (LTS), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002). A court should read a pro se petitioner's pleadings liberally, and consider the strongest argument they suggest. McPherson v. Coombe, 174 F.3d 276, 280 (2nd Cir. 1999).

While a district court may entertain new evidence, it generally should not hear new grounds for relief or additional arguments that were not presented in the petition. Ortiz v. Barkley, No. 05 Civ. 5897 (RJH), 2008 WL 2266313, at *3 (S.D.N.Y. June 03, 2008); Gonzalez v. Garvin, No. 99 Civ. 11062 (SAS), 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002) (dismissing petitioner's objection "because it offers a new legal argument that was not presented in his original petition," since considering such arguments would "undermine the authority of the magistrate").

II. Actual Innocence

Petitioner argues that this Court should consider his Confrontation Clause claim even though Magistrate Judge Gorenstein found it procedurally barred. Petitioner asserts that his claim of actual innocence warrants such review. A petitioner's "procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show cause for the default and prejudice . . . , or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations and quotation marks omitted). The "fundamental miscarriage of justice exception" requires a showing of "actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This exception,

3

however, is quite narrow; it is "concerned with actual as compared to legal innocence." Sawyer v. Whitley, 505 U.S. 333, 339 (1992). "To establish actual innocence, [a] petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002) (quoting Bousely v. United States, 523 U.S. 614, 623 (1998) (internal quotation marks omitted)). Moreover, the Court can only find actual innocence if the defendant proves that the jurors failed to act reasonably. Lucidore v. N.Y. State Div. of Parole, No. 99 Civ. 2963 (AJP), 1999 WL 566362, at *8 (S.D.N.Y. Aug. 3, 1999), aff'd, 209 F.3d 107 (2d Cir. 2000).

Petitioner buttresses his claim of actual innocence by asserting that he was not the gunman, had no prior association with the victim, and lacked a police record. These assertions do not demonstrate actual innocence. Nor does Petitioner offer any new evidence of innocence. Based on the record below, the Court cannot find that a miscarriage of justice occurred or that "none of the jurors acted reasonably." See Lucidore, 1999 WL 566362, at *8; see also Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002) ("[Petitioner] presented no new evidence of his innocence and did not make the necessary showing required . . . to bypass the procedural bars."). Because Petitioner cannot demonstrate that a miscarriage of justice will result if his claim is not heard, his Confrontation Clause claim is barred from further review.

III. General Objections

Petitioner asserts a general objection to the remainder of the Report. This Court finds that the remainder of the Report is not facially erroneous, and affirms and adopts it. While

4

Petitioner also raises an ineffective assistance of counsel claim, it was not raised in this petition and accordingly the Court will not consider it.

## CONCLUSION

For the foregoing reasons, this Court adopts Magistrate Judge Gabriel W. Gorenstein's Report and dismisses Fabricio's petition. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated: March 12, 2009
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

5

*Copies mailed to*:

The Hon. Gabriel W. Gorenstein
United States Magistrate Judge

Mr. Ederick Fabricio
Petitioner, Pro Se
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821-0051
*Petitioner pro se*

*Counsel of record:*

Morrie Kleinbart, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York 10013
*Counsel for Respondent*