UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
EDERICK FABRICIO, :

Petitioner, : 06 Civ. 2049 (WHP) (GWG)

-v.- : REPORT AND RECOMMENDATION

DALE ARTUS, et al., :

Respondents. :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Ederick Fabricio, currently an inmate at Green Haven Correctional Facility in Stormville New York, was convicted in 1997 of Second Degree Murder under New York Penal Law § 125.25(3), First Degree Robbery under New York Penal Law § 160.15(1), and Second Degree Robbery under New York Penal Law § 160.10(1). After his convictions were affirmed on appeal, he filed a pro se petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, which was denied on March 12, 2009. On July 5, 2012, he filed the instant motion, also pro se, pursuant to Fed. R. Civ. P. 60(b)(6). For the reasons stated below, the motion should be denied.

I. BACKGROUND

On February 20, 1997, a jury found Fabricio guilty of one count of murder and two counts of robbery. See Fabricio v. Artus, 2007 WL 119462, at *1 (S.D.N.Y. Jan. 11, 2007) (Report and Recommendation), adopted, 2009 WL 928039 (S.D.N.Y. Mar. 12, 2009). Fabricio appealed his conviction to the Appellate Division, First Department. Id. On appeal, Fabricio raised a number of issues, including whether a sidebar conference held outside of his presence violated his right to be present at all material stages of trial and whether the prosecution's

introduction of the hearsay statements of his co-conspirators violated his Sixth Amendment confrontation rights. Id.

The Appellate Division affirmed his conviction on August 28, 2003 by written opinion, see People v. Fabricio, 307 A.D.2d 882 (1st Dep't 2003), rejecting, inter alia, Fabricio's Confrontation Clause claim as unpreserved for appeal, id. at 883. On October 3, 2003, Fabricio's counsel sent a letter seeking leave to appeal the Appellate Division's decision. Fabricio, 2007 WL 119462, at *2. The letter identified two grounds for review: his absence from the sidebar and a claim that his right to a fair trial was violated when his translated confession was admitted. Id. The letter also stated that "[i]n support of this application, Mr. Fabricio also relies on the briefs he submitted to the Appellate Division." Id. at *3 (alteration in original). Justice Ernst H. Rosenberger granted Fabricio leave to appeal to the Court of Appeals. Id. at *2. At the Court of Appeals, Fabricio raised only the claim that he had the right to be present at the sidebar. Id. On December 2, 2004, the Court of Appeals affirmed his conviction. See People v. Fabricio, 3 N.Y.3d 402 (2004).

Fabricio then filed the instant petition for a writ of habeas corpus arguing: (1) that he was denied the right to confront witnesses the prosecution offered against him at trial through the introduction of out-of-court statements made by co-defendants; and (2) that he was denied the right to be present at all material stages of trial due to his absence at the sidebar. See Application for a Writ of Habeas Corpus (annexed to Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed Mar. 16, 2006 (Docket # 1)), at 1-2; Fabricio, 2007 WL 119462, at *2.

On January 11, 2007, the undersigned issued a Report and Recommendation recommending that Fabricio's petition be denied. See Fabricio, 2007 WL 119462, at *9. The

Report concluded that Fabricio's Confrontation Clause claim was unexhausted and therefore procedurally barred because it had not been identified in the application for leave to appeal and because it had not been raised as an issue before the Court of Appeals. Id. at *3-5. The Report also held that Fabricio's absence from the sidebar did not constitute an unreasonable application of clearly established federal law entitling him to habeas corpus relief because only legal issues were considered at the sidebar and because a defendant's right to be present at a sidebar derived from state law rather than federal constitutional law. Id. at *7-8.

On October 12, 2007, Fabricio objected to the Report on the ground that the Confrontation Clause claim was not procedurally barred in light of his actual innocence. Fabricio, 2009 WL 928039, at *2. He also made "a general objection to the remainder of the Report." Id. at *3. On March 12, 2009, Judge William H. Pauley III denied Fabricio's objections and adopted the Report. Id. at *1-3. Judge Pauley did not issue a certificate of appealability, finding that Fabricio had failed to make a substantial showing of the denial of a constitutional right and that any appeal would not be made in good faith. Id. at *3. A judgment dismissing Fabricio's petition was entered on March 30, 2009. See Clerk's Judgment, filed Mar. 30, 2009 (Docket # 16).

In April 2009, Fabricio filed two timely notices of appeal. See Notice of Appeal, filed Apr. 24, 2009 (Docket # 17); Notice of Appeal, filed Apr. 30, 2009 (Docket # 18). The Second Circuit issued two mandates that dismissed the appeals unless Fabricio filed a motion seeking a certificate of appealability. See Mandate, filed July 29, 2010 (Docket # 22) ("July 29 Mandate"); Mandate, filed Jan. 25, 2011 (Docket # 23) ("Jan. 25 Mandate"). Fabricio did not file such a motion and the appeals were dismissed. See July 29 Mandate; Jan. 25 Mandate.

In the meantime, in May 2011, Fabricio filed a motion in New York Supreme Court

seeking to vacate his conviction pursuant to N.Y Criminal Procedure Law § 440.10 on the ground of ineffective assistance of trial counsel. See Affidavit in Support, undated (annexed to Notice of Motion, filed July 5, 2012 (Docket # 24) ("Mot.")) ("Pet. Aff."), ¶ 8.[1] The trial court denied the motion on November 29, 2011, and leave to appeal was denied on February 14, 2012. Id. ¶ 9.

On July 5, 2012, Fabricio filed the instant motion under Fed. R. Civ. P. 60(b) seeking vacatur of the Court's judgment denying his habeas corpus petition.[2]

## II. STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provides "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for" one of six enumerated grounds. Subsection 60(b)(6), under which Fabricio seeks relief, see Pet. Mem. at 2, permits a court to grant relief for "any other reason that justifies relief." Motions brought under Rule 60(b)(6) must be brought within a "reasonable time." See Fed. R. Civ. P. 60(c)(1). A movant seeking relief under Rule 60(b)(6) must also demonstrate

---

[1] Fabricio does not include the state court papers with his Rule 60(b) motion. He describes the ineffective assistance claims as follows:

> 1) Mr. Fabricio's Legal Aid counsel was ineffective for failing to investigate a witness, defendant's mother, who would have testified that defendant invoked his right to counsel during interrogation; and 2) retained trial counsel was ineffective in not moving to reopen the Huntley hearing to include the mother's testimony that defendant requested counsel which is central pursuant to C.P.L. §440.10.

Id. ¶ 8.

[2] See Mot.; Pet. Aff.; Memorandum of Law (annexed to Mot.) ("Pet. Mem."); Response to Petitioner's Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, filed Sept. 13, 2012 (Docket # 27) ("Resp. Mem."); Affirmation in Reply, filed Dec. 26, 2012 (Docket # 28) ("Pet. Reply").

"'extraordinary circumstances' justifying the reopening of a final judgment," which will "rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citations omitted); accord Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) ("Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief.") (citations omitted).

In the habeas corpus context, Rule 60(b) motions are limited by 28 U.S.C. § 2244(b), which bars second or successive habeas petitions. See Gonzalez, 545 U.S. at 529. Thus, when a habeas petitioner seeks relief under Rule 60(b), it must first be determined whether the substance of the motion is a second or successive habeas claim under 28 U.S.C. § 2244(b). Id. at 529-30. If the motion "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits" it will be treated as a successive motion. Id. at 532 (emphasis omitted). On the other hand, a motion is not successive and is within the scope of a Rule 60(b) motion when it challenges "some defect in the integrity of the federal habeas proceedings." Id.; accord Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004) ("[R]elief under Rule 60(b) is available for a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction."). Where the motion "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," it cannot be characterized as a successive habeas claim and therefore consideration under Rule 60(b) is appropriate. Gonzalez, 545 U.S. at 532 n.4.

## III. DISCUSSION

The relief sought in the notice of motion is that the Court "hold that petitioner properly

exhausted his federal claims before the New York Court of Appeals." Pet. Aff. ¶ 10. Fabricio makes clear in his reply brief that he is arguing that "this Court should consider his Confrontation Clause claim even though Magistrate Judge Gorenstein found it procedurally barred." Pet. Reply at 3. We begin by addressing the timeliness of the motion.

A. Timeliness

Respondents contend that Fabricio's motion is untimely. See Resp. Mem. at 5-7. Motions brought under Rule 60(b)(6) must be brought within a "reasonable time." See Fed. R. Civ. P. 60(c)(1). To determine whether a Rule 60(b)(6) motion is brought within a reasonable time, a court must "look at the particular circumstance of each case and balance the interest in finality with the reasons for delay." Grace v. Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006) (citation and internal quotation marks omitted), cert. denied, 549 U.S. 1114 (2007); see also Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981) ("What qualifies as a reasonable time . . . will ordinarily depend largely on the facts of a given case, including the length and circumstances of the delay and the possibility of prejudice to the opposing party."). Fabricio filed his motion more than three years after the dismissal of his habeas corpus petition. Courts consistently find shorter delays to be unreasonable in habeas corpus cases absent some justification for the delay. See, e.g., Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (26 months "constitutes a patently unreasonable delay absent mitigating circumstances"), cert. denied, 535 U.S. 932 (2002); Maisonet v. Conway, 2011 WL 317833, at *3 n.3 (E.D.N.Y. Jan. 31, 2011) (more than three years after denial without excuse); Reynolds v. Greene, 2010 WL 604179, at *4 (N.D.N.Y. Feb. 16, 2010) (more than two years) (listing cases); James v. United States, 603 F. Supp. 2d 472, 479 (E.D.N.Y. 2009) (21 months); United States v. Morales, 2008 WL 4921535, at *4 (S.D.N.Y. Nov. 10, 2008) (three years); Moses v. United

States, 2002 WL 31011864, at *2 (S.D.N.Y. Sept. 9, 2002) (20 months) (listing cases), aff'd, 119 F. App'x 357 (2d Cir.), cert. denied, 544 U.S. 1067 (2005). Plainly, the motion is untimely absent a sufficient justification.

Fabricio justifies the delay in filing this motion by arguing that he promptly filed three months after the Supreme Court decided the case of Martinez v. Ryan, 132 S. Ct. 1309 (2012) – a case that Fabricio asserts constitutes an intervening change in the law that entitles him to relief. Pet. Mem. at 8; Pet. Reply at 3-4. One case has described the legal principle governing the availability of Rule 60(b)(6) relief in these circumstances as follows:

> "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6) . . . . " Agostini v. Felton, 521 U.S. 203, 239 (1997); see also Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757 (2d Cir. 1986). However, where a "supervening change in governing law calls into serious question the correctness of the court's judgment," Sargent v. Columbia Forest Prod., Inc., 75 F.3d 86, 90 (2d Cir. 1996), a Rule 60(b)(6) motion may be granted. See, e.g., Devino v. Duncan, 215 F. Supp. 2d 414, 418 (S.D.N.Y. 2002).

Scott v. Gardner, 344 F. Supp. 2d 421, 425-426 (S.D.N.Y. 2004).

Here, Fabricio contends that the holding in Martinez permitted him to argue – ostensibly for the first time – that the ineffective assistance of his appellate counsel constituted cause to excuse the procedural default of his Confrontation Clause claim. See Pet. Mem. at 8; Pet. Reply at 2. The problem with Fabricio's argument is that Martinez is simply inapplicable. To explain Martinez's holding, we begin by noting the longstanding principle that a petitioner cannot obtain federal habeas corpus review of the merits of a claim that was procedurally defaulted "unless the habeas petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." Harris v. Reed, 489 U.S. 255, 262 (1989) (citations and internal quotation marks

omitted); accord Murray v. Carrier, 477 U.S. 478, 496-97 (1986); Wainwright v. Sykes, 433 U.S. 72, 84 (1977). In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held that an attorney's ineffectiveness on direct appeal – but not in post-conviction collateral proceedings – could establish cause to excuse procedural default. Id. at 755-56. Thus, the argument Fabricio identifies was available to him at least since Coleman was decided in 1991, if not earlier.

All Martinez did was to establish a "narrow exception" to the rule set forth in Coleman. Specifically, the Court in Martinez held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. This exception applies only to claims of ineffective assistance of trial counsel, id., and only "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding," id. at 1320.

Fabricio, however, does not need any exception to Coleman to make the argument he seeks to make here. He is not asserting a claim of ineffective assistance of trial counsel. Nor is he claiming that the procedural default was the result of attorney negligence during a collateral proceeding that was his first opportunity to raise an ineffective assistance claim. Instead, he is asserting that ineffective assistance of appellate counsel constituted cause for his failure to exhaust his Confrontation Clause claim. See Pet. Mem. at 7-8; Pet. Reply at 2-3. Such a claim has been permitted at least since Coleman. The rule established in Martinez is irrelevant to that claim. Thus, Fabricio's reliance on Martinez is misplaced and does not excuse his delay in filing this motion. See Lewis v. Walsh, 2012 WL 5207538, at *3 (S.D.N.Y. Oct. 16, 2012) (timeliness of Rule 60(b)(6) motion is unaffected by intervening change in law that is inapplicable to case at hand). Accordingly, the motion should be denied as untimely.

B. Merits of the Rule 60(b) Motion

Even if the motion had been timely filed, and assuming arguendo that it could be deemed to assert that there was some defect in the "integrity" of the adjudication of his habeas petition and thus that it was not a second or successive petition, see Gonzalez, 545 U.S. at 532 n.4, the motion would still fail because there are no "extraordinary circumstances" that would justify reopening this case. To put it simply: there has been no change in the law since the adjudication of the petition that calls into question the Court's conclusions that Fabricio is procedurally barred from raising his Confrontation Clause claim because (1) he did not raise the claim in his leave application to the Court of Appeals," Fabricio, 2007 WL 119462, at *4, and (2) he did not raise the claim in his brief before the Court of Appeals, id. at *5.

Fabricio makes some arguments regarding the first of these conclusions, see Pet. Mem. at 3, but these merely consist of the "repetition of arguments previously before the Court, which were given the full weight of consideration in the previous opinions," and as such fail to "constitute a genuine ground for relief pursuant to Rule 60(b)." Hackensack Cars, Inc. v. Lifestyle Limousine Serv. Corp., 1994 WL 38989, at *2 (S.D.N.Y. Feb. 9, 1994); see also Hernandez v. United States, 2000 WL 744148, at *1 (S.D.N.Y. June 8, 2000) (no extraordinary circumstances where the "vast bulk" of the arguments were "nothing more than a futile effort to have this Court revisit its Opinion"). Fabricio also argues that ineffective assistance of appellate counsel constituted cause for failing to exhaust state remedies with respect to the Confrontation Clause claim. Pet. Mem. at 7-8; Pet. Reply at 2-3. While ineffective assistance of appellate counsel may constitute cause to excuse procedural default, this is true only if the claim is first presented in state court as an independent constitutional claim. See Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000); DiSimone v. Phillips, 461 F.3d 181, 191 (2d Cir. 2006). Here, Fabricio

does not contend that he has ever made such a claim to the New York courts.

Finally, Fabricio contends that the procedures during the habeas corpus proceedings did not adequately protect his due process rights because the Court failed to conduct a full evidentiary hearing before determining that the Confrontation Clause claim was unexhausted in state court. Pet. Reply at 3, 7-8. But "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record," Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation and internal quotation marks omitted), as was the case here, see Fabricio, 2007 WL 119462, at *3-5 (citing to the state court record).

In sum, Fabricio's complaints about the adjudication of the petition are without merit. As a result, he has not shown that "extraordinary circumstances" have arisen that would justify the granting of relief under Rule 60(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Fabricio's Rule 60(b) motion (Docket # 24) should be denied.

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. William H. Pauley III, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Pauley. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v.

Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: January 3, 2013
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

Ederick Fabricio
97-A-2265
Green Haven Correctional Facility
P.O. Box 4000, Institution Road
Stormville, New York 12582

Malancha Chanda
Assistant District Attorney
One Hogan Place
New York, NY 10013