```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
EDERICK FABRICIO,                :
                  Petitioner,    :    06 Civ. 2049 (WHP) (GWG)
         -against-               :
                                 :    MEMORANDUM & ORDER
DALE ARTUS, Superintendent of    :
Clinton Correctional Facility, *et al.*, :
                  Respondents.   :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

Petitioner pro se Ederick Fabricio moves, pursuant to Federal Rule of Civil Procedure 60(b)(6), for relief from this Court's March 12, 2009 Memorandum & Order (the "March 12 Order") denying his petition for a writ of habeas corpus. On January 3, 2013, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation (the "Report") recommending that this Court deny Fabricio's motion. Fabricio filed objections to the Report. For the following reasons, this Court adopts the well-reasoned Report and denies Fabricio's objections.

## BACKGROUND

On February 20, 1997, a New York County jury convicted Fabricio of one count of murder and two counts of robbery. Fabricio v. Artus, 06 Civ. 2049 (WHP) (GWG), 2009 WL 928039, at *1 (S.D.N.Y. Mar. 12, 2009). Fabricio had traveled from Miami to New York to commit a robbery with his friend Pedro Aviles. In the course of the robbery, the victim was shot and killed. The next day Fabricio was arrested in Miami with $45,000—his share of the robbery

proceeds.

Fabricio was sentenced to consecutive terms of imprisonment of twelve and a half to twenty-five years and twenty-five years to life. Following his conviction, Fabricio raised two issues on appeal: (1) that a sidebar conference was held outside of his presence, and (2) that the jury's verdict was against the weight of the evidence. He also submitted a pro se brief arguing that the introduction of the statements of his co-conspirators violated his Sixth Amendment confrontation rights. Fabricio, 2009 WL 928039, at *1.

On August 28, 2003, the Appellate Division, First Department, affirmed the conviction. People v. Fabricio, 763 N.Y.S.2d 619 (N.Y. App. Div. 1st Dep't 2003). On January 13, 2004, the New York Court of Appeals granted Fabricio leave to appeal on two grounds: (1) his absence from a sidebar conference, and (2) the claim that his right to a fair trial was violated by the admission of his translated confession. Fabricio, 2009 WL 928039, at *1. In his brief to the Court of Appeals, Fabricio raised only the claim that he had the right to be present at sidebar. On December 2, 2004, the Court of Appeals affirmed the conviction. People v. Fabricio, 3 N.Y.3d 402 (2004).

After his conviction was affirmed, Fabricio petitioned this Court for a writ of habeas corpus, arguing that: (1) he was denied the right to confront witnesses against him; and (2) he was denied the right to be present at all material stages of trial due to his absence at the sidebar. (Report at 2.) On January 11, 2007, Magistrate Judge Gorenstein issued a Report and Recommendation recommending that Fabricio's petition be denied because his Confrontation Clause claim was unexhausted and therefore procedurally barred. (Report at 2-3.) The Report also reasoned that Fabricio's absence from the sidebar did not entitle him to habeas corpus relief

2

because his right to be present at sidebar derived from state rather than federal law. (Report at 3.)

On October 12, 2007, Fabricio objected to the January 11, 2007 Report, arguing that his claim was not procedurally barred because he was actually innocent. Fabricio also lodged a general objection to the remainder of the January 11, 2007 Report. Thereafter, this Court overruled Fabricio's objections and adopted the January 11, 2007 Report. Fabricio, 2009 WL 928039, at *3.

In April 2009, Fabricio timely field two notices of appeal. The Second Circuit issued mandates dismissing the appeals unless Fabricio filed a motion for a certificate of appealability by December 1, 2010. After Fabricio failed to move for a certificate of appealability, the Second Circuit dismissed his appeals. (Report at 3.) Fabricio then filed a motion in New York Supreme Court seeking to vacate his conviction under N.Y. Criminal Procedure Law § 440.10. The state court denied his motion on November 29, 2011, and leave to appeal was denied on February 14, 2012. (Report at 4).

DISCUSSION

I. Legal Standard

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of a magistrate judge. 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made, and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). In addition, when a party makes only generalized or conclusory objections, or

3

simply reiterates his original arguments, courts review a magistrate judge's report and recommendation for clear error. Barratt v. Joie, No. 96 Civ. 324 (LTS), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002). A court should read a pro se petitioner's pleadings liberally, and consider the strongest arguments they suggest. McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

While a district court may entertain new evidence, it generally should not hear new grounds for relief or additional arguments that were not presented in the petition. Ortiz v. Barkley, No. 05 Civ. 5897 (RJH), 2008 WL 2266313, at *3 (S.D.N.Y. June 03, 2008); Gonzalez v. Garvin, No. 99 Civ. 11062 (SAS), 2002 WL 655164, at *2 (S.D.N.Y. Apr. 22, 2002) (denying petitioner's objection "because it offers a new legal argument that was not presented in his original petition," since considering such arguments would "undermine the authority of the magistrate").

Fabricio objects to the Report on the ground that his Rule 60(b) motion is timely and objects generally to the remainder of the Report. Magistrate Judge Gorenstein previously considered Fabricio's timeliness argument and rejected it. Because Fabricio's objections simply reiterate the arguments he made before Magistrate Judge Gorenstein, they do not necessitate de novo review. Ortiz, 2008 WL 2266313, at *3. But, even reviewed de novo, Fabricio's objections are unavailing.

II. Timeliness

Motions brought under Rule 60(b)(6) must be brought within a "reasonable time." See Fed. R. Civ. P. 60(c)(1). Courts "look at the particular circumstances of each case and balance the interest in finality with the reasons for delay" in determining whether a motion was

4

brought within a reasonable time. Grace v. Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006). When a "'supervening change in governing law calls into serious question the correctness of the court's judgment,' a Rule 60(b)(6) motion may be granted." Scott v. Garden, 344 F. Supp. 2d 421, 425-26 (S.D.N.Y. 2004) (quoting Sargent v. Columbia Forest Prod., Inc., 75 F.3d 86, 90 (2d Cir. 1996)).

Fabricio argues that this Court should consider his Rule 60(b) motion even though Magistrate Judge Gorenstein found it untimely. Fabricio argues that, although he filed his motion more than three years after the dismissal of his habeas petition, there has been an intervening change in the law that justifies his delay. Specifically, he argues that the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), constituted a supervening change in governing law, which allowed him to argue that the ineffective assistance of his appellate counsel constituted cause to excuse the procedural default of his Confrontation Clause claim. But ineffective assistance of appellate counsel constituted cause long before Martinez. See Coleman v. Thompson, 501 U.S. 722, 754-56 (1991). This argument was available when Fabricio filed his habeas petition, and therefore his Rule 60(b) motion is untimely.

III. General Objections

Fabricio asserts a general objection to the remainder of the Report. This Court finds that the remainder of the Report is not facially erroneous, and adopts it.

CONCLUSION

For the foregoing reasons, this Court adopts Magistrate Judge Gabriel W. Gorenstein's Report and denies Fabricio's objections. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated: March 5, 2013
  New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies to*:
Hon. Gabriel W. Gorenstein
United States Magistrate Judge

Mr. Ederick Fabricio
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821-0051
*Petitioner pro se*

*Counsel of record:*

Morrie Kleinbart, Esq.
Assistant District Attorney
New York County
One Hogan Place
New York, New York 10013
*Counsel for Respondent*